Dear Mr. Karns,
This office is in receipt of your opinion request dated February 1, 1996, in which you ask whether the quarterly license tax return requirement imposed upon insurers by LSA-R.S. 22:1061
et seq. subjects those tax returns to disclosure under the Public Records Act.
As you are well aware, the Public Records Act, LSA-R.S.44:1 et seq., has broad application to records under the control of public entities. However, the Act provides several exceptions to the general rule. Applicable to our discussion is LSA-R.S.44:4 which, in part, states:
This Chapter shall not apply:
 (1) To any tax return or the information contained in any tax return. However, the name and address of any person who obtains an occupational license, the information on the face of the license, and information as to whether an occupational license has been issued to a particular person shall be public records.
Similarly, Article VII, § 12 of the Louisiana Constitution (1974) provides:
 Reports and records of the collection, expenditure, investment, and use of state money and those relating to state obligations shall be matters of public record, except returns of taxpayers and matters pertaining to those returns.
Therefore, except for the particular occupational licensing information stated in LSA-R.S. 44:4(1), no tax returns or any matters contained in those returns are public records and are removed from possible scrutiny under the Public Records Act. This exclusion extends to those license tax returns received by the Commissioner of Insurance on a quarterly basis pursuant to LSA-R.S. 22:1071.
I trust this adequately addresses your concerns. Should you require further assistance, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: CARLOS M. FINALET, III ASSISTANT ATTORNEY GENERAL
CMF:ams